IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BERNARDO P. SORIANO,  )<br>              )<br>        Plaintiff,  )<br>              )<br>    vs.       )<br>              )<br>ROTO ROOTER PLUMBING,  )<br>              )<br>        Defendant.  )<br>_____  ) | CIVIL NO. 13-00579 LEK-RLP<br><br>FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT DENY PLAINTIFF'S SECOND REQUEST FOR APPOINTMENT OF COUNSEL AND APPLICATION TO PROCEED WITHOUT PREPAYING FEES |

FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT
DENY PLAINTIFF'S SECOND REQUEST FOR APPOINTMENT OF
COUNSEL AND APPLICATION TO PROCEED WITHOUT PREPAYING FEES[1]

Before the Court is Plaintiff Bernardo P. Soriano's second Request for Appointment of Counsel Under the Civil Rights Act of 1964; 42 U.S.C. § 2000e-5(f)(1)(B) ("Request for Counsel") and Application to Proceed in District Court Without Prepaying Fees or Costs ("Application to Proceed Without Prepaying Fees"), which were filed on November 21, 2013.  ECF Nos. 5, 6.  As discussed below, the Court FINDS AND RECOMMENDS that the district court DENY Plaintiff's Request for Counsel and DENY Plaintiff's Application to Proceed Without Prepaying Fees with leave to file another request for counsel and application after he files a complaint.

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation.  If no objections are filed, no appellate review will be allowed.

DISCUSSION

Plaintiff initiated this action by filing his first request for appointment of counsel on October 31, 2013. ECF Nos. 1. Plaintiff did not file a complaint. On the same date, the court issued a Deficiency Order directing Plaintiff to pay the filing fee or submit an application to proceed without prepaying fees. ECF No. 3.[2] The Clerk of Court also sent a letter to Plaintiff enclosing various forms including a form Employment Discrimination Complaint and Summons. ECF No. 4.

On November 21, 2013, Plaintiff filed a second Request for Counsel and an Application to Proceed Without Prepaying Fees. ECF No. 5, 6. However, Plaintiff did not file a complaint. Plaintiff attached to his Request for Counsel a Notice of Right to Sue letter from the U.S. Equal Employment Opportunity Commission ("EEOC"), which states that the EEOC is unable to conclude that a violation of the statutes occurred. See ECF No. 1-1. In his Request for Counsel, Plaintiff states that the EEOC's investigation did not have "support evidence of the fact[s] from the defendant." ECF No. 5 at 3. Further, Plaintiff states that "the alleged discrimination complaint by me should be hear[d] in court to achieve the right justice." Id. Plaintiff's Request for Counsel and Application to Proceed Without Prepaying

---

[2] Although the Deficiency Order states that Plaintiff "has filed a Complaint in this court," that statement is not accurate based on the docket. See ECF No. 3 at 1.

Fees do not contain any other statements regarding the basis of his claims or the relief requested.

Federal Rule of Civil Procedure 8 requires that a pleading must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the plaintiff is entitled to relief, and a demand for the relief sought.  Fed. R. Civ. P. 8(a)(1)-(3). Here, Plaintiff has not filed any document that could be construed as a complaint sufficient under Rule 8.  Plaintiff has not stated the nature of his claims against Defendant.  Without such information, the Court is unable to determine whether Plaintiff's Request for Counsel or Application to Proceed Without Prepaying Fees should be granted.

First, there is no constitutional right to the appointment of counsel in employment discrimination cases.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 269 (9th Cir. 1982).  However, the Court is authorized to appoint counsel "in such circumstances as the court may deem just."  See 42 U.S.C. § 2000e-5(f)(1)(B).  In reviewing Plaintiff's Request for Counsel, the Court must consider "(1) the plaintiff's financial resources, (2) the efforts made by the plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit." See Bradshaw v. Zoological Soc'y of San Diego, 662 F.2d 1301, 1318 (9th Cir. 1981).  Here, the Court is unable to consider whether

Plaintiff's claim has merit because he has not filed a complaint. Additionally, the Court notes that Plaintiff has only contacted one attorney, which does not constitute a "reasonably diligent effort under the circumstances to obtain counsel." See Bradshaw, 662 F.2d at 1319. Accordingly, the Court recommends that Plaintiff's Request for Counsel be denied and that Plaintiff be given leave to file another request after he files a complaint.

Second, without a complaint, the Court is unable to subject Plaintiff's claims to the required mandatory screening under 28 U.S.C. § 1915 based on his Application to Proceed Without Prepaying Fees. See 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss a § 1915(a) complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners). The Court recommends that Plaintiff's Application to Proceed Without Prepaying Fees be denied and that Plaintiff be given leave to file another application after he files a complaint.

## CONCLUSION

The Court FINDS AND RECOMMENDS that the district court:

1) Deny Plaintiff's second Request for Appointment of Counsel Under the Civil Rights Act of 1964; 42 U.S.C. § 2000e-

5(f)(1)(B) with leave to file another request after he files a complaint;

2) Deny Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs with leave to file another application after he files a complaint;

3) Direct the Clerk's Office to send Plaintiff another set of forms including the Employment Discrimination Complaint and Summons (EEO), Application to Proceed in District Court Without Prepaying Fees or Costs (AO 240), Notice of Lawsuit and Request to Waive Service of a Summons (AO 398), and Waiver of the Service of Summons (AO 399); and

4) Direct Plaintiff to file a complaint no later than thirty days from the district court's adoption of this Findings and Recommendation.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, NOVEMBER 26, 2013.

/s/ Richard L. Puglisi
Richard L. Puglisi
United States Magistrate Judge


**SORIANO V. ROTO ROOTER PLUMBING; CIVIL NO. 13-00579 LEK-RLP; FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT DENY PLAINTIFF'S SECOND REQUEST FOR APPOINTMENT OF COUNSEL AND APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES**